**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21949-CIV-SEITZ/O'SULLIVAN

CLARK B. SAMPSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE-12]. In that Report, Magistrate Judge White recommends that Movant's Motion to Vacate [DE-1] be denied. The Movant raises two claims in his Motion to Vacate: (1) ineffective assistance of trial and appellate counsel and (2) error by the trial court in imposing a sentence of 77 months. The Report finds both of these claims without merit and recommends denial of the Motion to Vacate. Movant has not filed any objections to the Magistrate Judge's Report. The Court has considered *de novo* the Report and the record and finds the Magistrate Judge's summary of the facts accurate and his legal conclusions and recommendations supported by the law. Therefore, the Court will adopt the Report and deny the motion.

In his first claim, Movant argues that he had ineffective assistance of counsel because his trial counsel failed to object and his appellate counsel did not raise on appeal that the Movant's sentence was enhanced based on "judge found facts" by a preponderance of the evidence. Under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), in order to prevail in an effective assistance of counsel claim, Movant must prove that: (1) counsel's performance fell below an objective standard of

reasonableness, and (2) that caused Movant prejudice.[1] Upon review of the record, the Court finds, as did the Magistrate Judge, that Movant has not demonstrated that he has suffered any prejudice as a result of trial and appellate counsel's actions.

At the trial level, Movant cannot demonstrate prejudice because the Eleventh Circuit has made it clear that a sentencing judge "can continue to consider relevant acquitted conduct when applying the Guidelines in an advisory manner 'for when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.'" *U.S. v. Duncan*, 400 F.3d 1297, 1304-05 (11th Cir. 2005) (quoting *U.S. v. Booker*, 543 U.S. 220, 223 (2005)). Thus, because a sentencing court may consider this conduct in applying the Guidelines, Movant cannot demonstrate that he was prejudiced by counsel's alleged failure to object. At the appellate level, Movant cannot demonstrate prejudice because Movant cannot establish that the omitted claim would have had a reasonable probability of success on appeal. *See Joiner v. U.S.*, 103 F.3d at 963. As set out in Magistrate Judge White's Recommendation and for the same reasons his claim fails as to trial counsel, Movant cannot demonstrate a reasonable probability of success on appeal. Consequently, Movant's claim of ineffective assistance of counsel should be denied.

Movant's second claim asserts that the trial court erred in imposing a 77 month sentence because it was not reasonable under *Rita v. United States*, 551 U.S. 338 (2007). However, as set out in more detail in the Report, this issue was raised and rejected on direct appeal. A district court is

---

[1] While *Strickland* applies to trial counsel, a similar standard applies to a claim of ineffective assistance of appellate counsel. A claim of ineffective assistance of appellate counsel requires a showing that: (1) counsel performed deficiently and (2) the deficient performance prejudiced the movant. *Joiner v. U.S.*, 103 F.3d 961, 963 (11th Cir. 1997).

not required to reconsider a claim of error that was raised and disposed of on direct appeal. *U.S. v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Thus, Movant's claim is barred and should be denied. Furthermore, Movant's second claim also fails on the merits. Although *Rita* was decided after the Eleventh Circuit decided Movant's appeal, it does not change things in this case because the record indicates that the sentencing judge made an independent determination that the sentence was reasonable and did not presume reasonableness based on the Guidelines. Therefore, the imposition of Movant's sentence did not violate *Rita* or *Booker*. Thus, Movant's claim should be denied.

Lastly, Movant seeks an evidentiary hearing. A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of the petitioner are affirmatively contradicted by the record or when the contentions of the petitioner are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in detail in the Magistrate Judge's Report and herein, Movant's claims are without merit and thus he is not entitled to an evidentiary hearing. Accordingly, having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report and the record, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-12] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Movant's Motion to Vacate, Set Aside or Correct Sentence [DE-1] is DENIED;

(3) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(4) This case is CLOSED.

DONE AND ORDERED at Miami, Florida, this 23rd day of September, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      Counsel of Record